UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIAGO GOMES DUTRA,<br><br>Petitioner,<br><br>v.<br><br>U.S. GENERAL ATTORNEY et al.,<br><br>Respondents. | No.  1:26-cv-04513-DAD-JDP (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 1, 2) |

On June 11, 2026, petitioner, proceeding *pro se*, filed a combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and a motion for temporary restraining order seeking his immediate release from custody.  (Doc. No. 1.)  On June 15, 2026, the court set a briefing schedule on the pending motion and directed respondents to indicate in their opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 7.)  In that same order, the court directed that if respondents opposed the court ruling on the underlying combined petition based on the current briefing before it, respondents were to indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

1

On June 17, 2026, respondents filed an opposition.  (Doc. No. 6.)  Therein, respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(1).  (*Id.* at 2–5.)  Respondents have also indicated that they do not oppose the court ruling on the merits of the underlying petition without further briefing.  (*Id.* at 1–2.)

Based on the parties' briefing and documentation submitted in support thereof, the court finds the following facts.  In 2014, petitioner entered the United States.  (Doc. No. 1 at 6.)  Petitioner was subsequently paroled into the United States and received Deferred Action for Childhood Arrivals ("DACA") status, which expired in 2022.  (Doc. No. 6 at 11.)  Petitioner was taken into immigration custody on or about May 23, 2026.  (Doc. No. 1 at 4.)

Pursuant to the reasoning set forth in its prior order *Ramos v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026), the court concludes that petitioner cannot be detained pursuant to § 1225(b)(1) because petitioner entered the United States in 2014 and there is nothing before this court suggesting that petitioner has not been continuously present in this country since then.  Further, the court concludes that petitioner's prior release into this country under parole and pursuant to DACA provided petitioner with a liberty interest in continued freedom from detention and the government's decision to re-detain petitioner without a pre-detention hearing violates due process.  *Orellana-Rivera v. Johnson*, No. 5:26-cv-02116-HDV-AJR, 2026 WL 1390433, at *3–4 (C.D. Cal. May 14, 2026) (ordering the release of a petitioner who was previously paroled into the United States and was granted DACA status that had since expired where the government failed to provide him with a pre-detention hearing).

For the reasons stated above,

1.     Petitioner's petition for writ of *habeas corpus* and motion for temporary restraining order (Doc. No. 1) is GRANTED in part:

    a.     The petition for writ of *habeas corpus* is GRANTED as follows:

        i.     Respondents are ORDERED to immediately release petitioner Thiago Gomes Dutra, A-File No. 204-398-560, from respondents' custody;

2

ii. Respondents are ENJOINED and RESTRAINED from re-detaining petition for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

b. The motion for temporary restraining order is DENIED as having been rendered moot by this order granting of the petition for writ of *habeas corpus*;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. The Clerk of the Court is directed to serve the California City Detention Center with a copy of this order; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: __**June 24, 2026**__                   _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE